UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| JAMES LANOUE, ) | |
| ) | |
| Petitioner, ) | |
| ) | Civil Action No. |
| v. ) | 06-40134-FDS |
| ) | |
| KATHLEEN DENNEHY and ) | |
| STEVEN O'BRIEN, ) | |
| ) | |
| Respondents. ) | |

**MEMORANDUM AND ORDER ON PETITIONER'S
MOTION FOR CERTIFICATE OF APPEALABILITY**

**SAYLOR, J.**

Pending before the Court is petitioner James Lanoue's request for a Certificate of Appealability ("COA"). Lanoue seeks a COA to allow him to appeal (1) this Court's order of April 23, 2007, dismissing his petition for a writ of habeas corpus as time-barred under 28 U.S.C. § 2244(d); and (2) this Court's order of July 12, 2007, denying his "motion to allow." For the reasons stated below, the request for a COA will be denied.

**I.     Background**

On November 4, 1980, Lanoue was convicted of first-degree murder and sentenced to life imprisonment. *See Commonwealth v. Lanoue*, 392 Mass. 583, 584 (1984). On July 30, 1984, the Massachusetts Supreme Judicial Court found that no reversible error was committed at trial, but exercised its power under Mass. Gen. Laws ch. 278, § 33E to reduce the verdict to second-degree murder in the interest of justice. *See id.*

Petitioner filed a motion for a new trial on May 29, 1986. The Suffolk Superior Court

denied the motion and he appealed to the SJC. On October 7, 1987, the SJC reversed the trial court's decision and remanded the case for consideration of the motion on its merits. *See Commonwealth v. Lanoue*, 400 Mass. 1007, 1008 (1987). On remand, the Superior Court again denied the motion for a new trial. That denial was affirmed by the SJC on December 20, 1990. *See Commonwealth v. Lanoue*, 409 Mass. 1, 8 (1990).

A second motion for a new trial was denied by the Superior Court on June 28, 1994, and petitioner again appealed. On July 27, 1995, the Massachusetts Appeals Court affirmed the denial of the second motion for a new trial. *See Commonwealth v. Lanoue*, 39 Mass. App. Ct. 1101, 1101 (1995). Petitioner did not seek further appellate review. Instead, on October 15, 1996, he filed a petition for leave to appeal the denial of his second motion for a new trial pursuant to Mass. Gen. Laws ch. 278, § 33E. The following day, a single justice of the SJC dismissed the petition.

Petitioner took no further action until June 3, 1997, when he filed a petition for extraordinary relief under Mass. Gen. Laws ch. 211, § 3. A single justice of the SJC denied that petition without a hearing on June 13, 1997. The SJC subsequently affirmed the single justice's decision on July 8, 1998. *Lanoue v. Commonwealth*, 427 Mass. 1014, 1015 (1998).

Petitioner filed a third motion for a new trial on February 6, 1998, which the Superior Court denied. He did not appeal that ruling. He then filed a fourth motion for a new trial, which was denied by the Superior Court on May 29, 2002. The Appeals Court affirmed this denial in an unpublished opinion issued February 6, 2003. *Commonwealth v. Lanoue*, 57 Mass. App. Ct. 1108, 1108 (2003). Then, on March 18, 2003, petitioner filed an application for further appellate review with the SJC, which was denied on April 30, 2003.

On January 21, 2005, petitioner filed a motion for a new trial with the SJC. It was denied on February 8, 2005. He then filed his final motion for a new trial in June 2005, which the Superior Court denied. The Appeals Court affirmed the denial on January 30, 2006. *Commonwealth v. Lanoue*, 65 Mass. App. Ct. 1115, 1115 (2006). Lanoue filed a petition for a writ of habeas corpus in this Court on June 27, 2006. Respondents Kathleen Dennehy and Steven O'Brien moved to dismiss the petition as time-barred under 28 U.S.C. § 2244(d).

## II.     Analysis

### A.     Dismissal of Habeas Petition

In a Memorandum and Order dated April 23, 2007, this Court granted respondents' motion to dismiss. As the Court explained, effective April 24, 1996, Congress enacted a statute of limitations applicable to federal habeas corpus petitions filed by state prisoners as part of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). 28 U.S.C. § 2244(d). That statute sets a one-year limitation period that runs from the time that the state court judgment of conviction becomes "final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Judgments are considered "final" for AEDPA purposes "when the ninety-day period for seeking certiorari expire[s]." *Neverson v. Farquharson*, 366 F.3d 32, 36 (1st Cir. 2004). In cases where a petitioner's conviction became final before the effective date of the AEDPA, the First Circuit has construed § 2244(d) to allow petitioners a one-year "grace period" in which to file a habeas corpus petition. *See Gaskins v. Duval*, 183 F.3d 8, 9 (1st Cir. 1999). This grace period began on April 24, 1996, the effective date of the AEDPA, and ended on April 24, 1997. *See Rogers v. United States*, 180 F.3d 349, 355 (1st Cir. 1999).

3

The statute provides exceptions to the one-year limitations period where an untimely filing was caused by the state, where new constitutional rights have been created by the Supreme Court, or where there is newly discovered evidence. 28 U.S.C. § 2244(d)(1)(B)-(D). The AEDPA also excludes from the one-year limitations period the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending . . . ." 28 U.S.C. § 2244(d)(2). In addition, equitable tolling of the AEDPA's limitations period may be available when "extraordinary circumstances" beyond the petitioner's control prevented the prompt filing of the petition. *Cordle v. Guarino*, 428 F.3d 46, 48 (1st Cir. 2005).

The Court noted that the Massachusetts Supreme Judicial Court upheld Lanoue's conviction, but reduced it to second-degree murder in the interest of justice, on July 30, 1984. His conviction became final ninety days thereafter, on October 28, 1984, when his opportunity to seek certiorari expired. Because his conviction became final prior to the AEDPA's effective date, Lanoue was required to file his federal habeas corpus petition within the one-year grace period that ended on April 24, 1997. He did not commence his habeas action in this Court until June 27, 2006, more than nine years after the one-year grace period expired.

Although Lanoue commenced post-appeal litigation in the state courts during that time, there was no state application for collateral review pending when the limitations period began to run on April 24, 1996. The only application filed during the one-year grace period was the petition that Lanoue filed pursuant to Mass. Gen. Laws ch. 278, § 33E on October 15, 1996. However, that petition was only pending—and the limitations period was therefore only tolled—for one day. Thus, by the time that petitioner had filed his next petition on June 3, 1997,

the statute of limitations had already run its course. *See Cordle*, 428 F.3d at 48 n.4 ("Section 2244(d)(2) only stops, but does not reset, the [AEDPA] clock from ticking and cannot revive a time period that has already expired."). Moreover, Lanoue did not establish any reason why the limitations period should not apply. *See id.* at 48 (recognizing that petitioner bears the burden of establishing a basis for equitable tolling).

In sum, the Court dismissed Lanoue's habeas petition because he failed to file within the time period permitted by the AEDPA, and because he did not make any showing that this failure was due to extraordinary circumstances or circumstances beyond his control.

### B.     Denial of "Motion to Allow"

On May 10, 2007, Lanoue filed a "motion to allow," asking the Court to rescind its order of dismissal and grant the habeas petition. The Court observed that while the motion first appeared to be a motion for relief from judgment pursuant to Fed. R. Civ. P. 60(b), it identified no error or defect in the dismissal of the habeas petition. Instead, the motion to allow simply rehashed Lanoue's constitutional arguments concerning ineffective assistance of counsel and the state trial judge's failure to instruct on hearsay statements. Based on this observance, the Court concluded that the motion was, in reality, a second or successive habeas petition for purposes of 28 U.S.C. § 2244.

The Court then noted that federal law provides that before a second or successive application for habeas relief is filed in the District Court, an applicant must obtain an order from the appropriate Court of Appeals authorizing the District Court to consider the application. 28 U.S.C. § 2244(b)(3)(A). Because the First Circuit had not authorized Lanoue to file a second or successive petition, this Court lacked subject matter jurisdiction to consider the motion on its

merits and, accordingly, the motion to allow was denied.

### C. Request for COA

Lanoue now seeks a COA allowing him to appeal the dismissal of his petition and the denial of his motion to allow. A petitioner seeking post-conviction relief under 28 U.S.C. § 2254 does not have an automatic right to appeal a district court's denial or dismissal of the petition. 22 U.S.C. § 2253(b). Instead, such a petitioner must first seek and obtain a COA from a circuit justice or judge. 28 U.S.C. § 2253(c). By local rule, in the First Circuit, "[a] petitioner wishing to appeal from the denial of a § 2254 or § 2255 petition must file a timely notice of appeal and should promptly apply to the district court for a certificate of appealability." First Circuit Local Rule 22.1(b). Ordinarily, the Court of Appeals will not initially "receive or act on a request for a [COA] if the district judge who refused the writ is available, unless an application has first been made to the district court judge." *Id.*

The United States Supreme Court has indicated that where—as here—"the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Supreme Court has further instructed that the two prongs of this analysis—one directed at the underlying constitutional claims and the other at the procedural holding—are "part of a threshold inquiry, and a court may find that it can dispose of the application in a fair and prompt manner if it proceeds first to resolve the issue whose answer is more apparent from the record and arguments." *Id.* at

485.

In the present case, the Court concludes, for the reasons set forth in its decisions dismissing the petition and denying the motion to allow (both of which are recounted above), that reasonable jurists could not find that its dismissal of Lanoue's habeas petition as time-barred or its denial of the motion to allow were incorrect or debatable.  Accordingly, the request for a COA will be denied.

### III.     Conclusion

For the foregoing reasons, Lanoue's request for a Certificate of Appealability is DENIED.
**So Ordered.**

/s/ F. Dennis Saylor  
F. Dennis Saylor IV  
United States District Judge

Dated: August 28, 2007